IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LUCILA BARBOSA and** | * | |
| **FRANCISCO BARROS,** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. RWT 09-829 |
| | * | |
| **AURORA LOAN SERVICES, LLC,** | * | |
| et al., | * | |
| | * | |
| Defendants | * | |
| | ***** | |

## MEMORANDUM OPINION

This case arises out of the refinancing of Plaintiffs' home mortgage loan with Lehman Brothers Bank, FSB, a predecessor in interest to Defendant Aurora Loan Services, LLC. Plaintiffs filed the original complaint this case, entitled "Plaintiff's (*sic*) Rule 12-103 Petition For Release of Lien Instruments," in the Circuit Court of Montgomery County, Maryland on February 23, 2009. [Paper No. 2.] Defendants removed the case to this Court on April 2, 2009, and filed motions to dismiss on April 8. In lieu of filing an opposition to the motions to dismiss, Plaintiffs filed a motion for leave to file an amended complaint. On May 15, the Court denied as moot the motions to dismiss and the motion for leave to file an amended complaint, without prejudice to the right of the Defendants to file motions to dismiss directed to the amended complaint ("complaint"). Defendants filed motions to dismiss the complaint on May 26, 2009. Plaintiffs have not filed an opposition to either motion to dismiss. The Court finds that no hearing is necessary, and for the following reasons, Defendants' motions shall be granted.

## FACTS

According to the allegations in the complaint, Plaintiffs Lucila Barbosa and Francisco Barros, who are husband and wife, refinanced the mortgage note on their home with Lehman Brothers Bank, FSB on December 11, 2006 with two loans. The first was a first lien position mortgage with a principal amount of $512,000, and the second was a second lien position mortgage with a principal amount of $128,000.  Ms. Barbosa signed for both loans in her name, and she and Mr. Barros remained on the title as tenants by the entirety.  Lehman Brothers Bank, FSB subsequently assigned the note to Lehman Brothers Holding, Inc., which in turn assigned the note to Defendant Aurora Loan Services, LLC, ("Aurora") who claims present ownership of the note. (Compl. ¶¶ 2-4.)

Plaintiffs further allege that the "Lenders" never provided Plaintiffs with the material Truth in Lending disclosures required by Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and its accompanying Regulation Z,[1] 12 C.F.R. § 226, such as an accurate payment schedule, an accurate statement of the annual percentage rate, an accurate statement of the finance charge, and two copies per borrower of the notice of the right to rescind. (Compl. ¶ 5.)  They claim that because these disclosures were not provided, their right to rescind the loans was extended for a period of three years following consummation of the loan. *Id.* ¶ 7. Plaintiffs maintain that they cancelled both loans on January 14, 2009, in letters sent via certified mail to the original lender, Lehman Brothers Bank, FSB, and the current note holder and servicer, Aurora. *Id.* ¶ 8. They claim that this cancellation rendered Aurora's security interest and promissory note void, relieving Plaintiffs of any obligation

---

[1]Regulation Z requires consumer lenders to disclose interest rates and certain other information deemed critical by Congress to facilitate the informed use of consumer credit. *See*12 C.F.R. § 226.

to pay finance or other charges, and that the "Lenders" have failed to acknowledge that the security interests were terminated upon their receipt of Plaintiffs' rescission notices. *Id.* ¶¶ 9-11.

As a result of this purported cancellation, Plaintiffs seek statutory damages of twice the amount of any finance charge in connection with the transaction, and the release of both of the lien instruments held by Defendant Aurora on Plaintiffs' home located at 4411 Chestnut Lane, Rockville, Maryland. (Compl. Req. for Relief ¶¶ 2, 4.)

The complaint does not allege any actions or omissions by the other named Defendants, L. Darren Goldberg, James E. Clarke and Renee Dyson. It appears from their motion to dismiss, however, that these Defendants were appointed as Substitute Trustees on December 2, 2008, to conduct a foreclosure on Plaintiffs' home. (Goldberg, Clarke and Dyson's Mem. in Supp. of Mot. To Dismiss 1-2 & Ex. 1.) The foreclosure action was conducted in the Circuit Court for Montgomery County, Maryland. *See L. Darren Goldberg, et al. v. Lucila Barbosa, et al.,* No. 306232V ("foreclosure action").

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007), the Supreme Court declared the "retirement" of the long-cited "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41 (1957).[2] The Court in *Twombly* looked instead to whether the plaintiff stated "enough facts to state a claim to relief that

---

[2] *Conley* stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

is plausible on its face," *id.* at 570, observing that "plaintiff's obligation to provide grounds for his entitlement to relief requires more than labels and conclusions, and formalistic recitation of the elements of a cause of action will not do." *Id.* at 545. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

The Court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson County*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

## ANALYSIS

### I. Defendant Aurora Loan Services, LLC's Motion To Dismiss

*A. Statute of Limitations*

An individual must bring an action under TILA within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). Plaintiffs filed their complaint in state court on February 13, 2009, and it was removed to this Court on April 2, 2009. In either case, the suit was filed more than two years after any alleged non-disclosure violations, and therefore, to the extent

that Plaintiffs seek to recover directly for TILA non-disclosure violations, the case is barred by the statute of limitations.

However, to the extent that Plaintiffs are seeking to be relieved of their obligation to repay the loan pursuant to the alleged cancellation of the loan, the suit is not barred. Under Regulation Z, failure to provide a borrower with material loan disclosures extends the borrower's right to cancel the loan for up to three years. 12 C.F.R. § 226.23(a)(3). Plaintiffs claim that because the proper disclosures were not made at the consummation of the loan, they were entitled to cancel within a three year period commencing on December 11, 2006, and that they did in fact cancel the loans within that period, on January 14, 2009. (Compl. ¶ 8.)

*B. Collateral Estoppel*

However, even if Plaintiffs have timely stated a claim, the suit is nonetheless barred by collateral estoppel. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). The Fourth Circuit has identified five elements relevant to a collateral estoppel defense:

> (1) whether the issue in question is identical to the previous issue;
> (2) whether it was actually determined in the prior adjudication;
> (3) whether it was necessarily decided in that proceeding;
> (4) whether the resulting judgment settling the issue was final and valid; and
> (5) whether the parties had a full and fair opportunity to litigate the issue in the prior proceeding.

*United States v. Fiel*, 35 F.3d 997, 1006 (4th Cir. 1994).

All of the TILA claims currently raised in the Complaint were previously raised and adjudicated in the foreclosure action in the Circuit Court for Montgomery County, Maryland. *See L. Darren Goldberg, et al. v. Lucila Barbosa, et al.,* No. 306232V.  In that case, pursuant to Maryland Rule 14-209, Plaintiffs filed a Motion for Preliminary Injunction and Supplemental Exceptions to the foreclosure sale, ("TILA Motions"), *see* Md. Code Ann., [Sales of Property] § 14-209 (LexisNexis 2008), alleging TILA violations based upon inaccurate financial disclosure and inadequate receipt of four copies of the Right to Rescind.  On the basis of these alleged violations, Plaintiffs argued that they had properly exercised their right to rescind the loans, and that the foreclosure could not legally take place because the foreclosing parties no longer had a valid security interest in the property. (Aurora's Mem. in Supp. of Mot. to Dismiss Ex. 1A at 3-4.)  These are precisely the same allegations made in the present complaint.  Thus, the issues in the two case are identical.

Defendants filed oppositions to the TILA Motions in the foreclosure action. The Circuit Court subsequently held a hearing on the TILA Motions on April 30, 2009, at which both parties presented oral arguments. Thus, it appears that Plaintiffs had a full and fair opportunity to litigate the issues presented.

Under Maryland Rule 14-209(b), an injunction to stay foreclosure "shall not be granted unless the motion is supported by affidavit as to all facts asserted and contains . . . a detailed statement of facts showing that: (A) the debt and all interest due thereon have been fully paid, or (B) there is no default, or (C) fraud was used by the secured party, or with the secured party's knowledge, in obtaining the lien." Following the hearing on April 30, Circuit Court Judge Joseph A. Dugan, Jr., entered Orders denying the Plaintiffs' TILA Motions and ratifying the foreclosure

sale dated February 20, 2009. (Aurora's Mem. in Supp. of Mot. to Dismiss Ex.2.) Thus, Judge Dugan actually and necessarily decided that the debt had not been paid, Plaintiffs were in default, and fraud was not used in obtaining the lien; conversely, Judge Dugan actually and necessarily rejected Plaintiffs' claims that the foreclosure was illegitimate due to violations of TILA and/or Regulation Z.

Judge Dugan's Order is a final and valid resolution of the issues raised in Plaintiffs' Complaint. Therefore, Plaintiffs' present suit is barred by collateral estoppel, and shall be dismissed.

**II. Defendants L. Darren Goldberg, James E. Clarke and Renee Dyson's Motion To Dismiss**

Defendants L. Darren Goldberg, James E. Clarke and Renee Dyson ("Trustees") were appointed as Substitute Trustees to conduct a foreclosure on Plaintiffs' home at 4411 Chestnut Lane, Rockville, Maryland in the foreclosure action.. The Amended Complaint only alleges certain acts and omissions toward parties termed "Lenders," which do not include the Trustees. There is no allegation that the Trustees hold any liens on the property. Furthermore, TILA does not apply to the Trustees because they are not "creditors" as defined in 15 U.S.C. § 1602(f), nor were they involved in the origination of the loan. Therefore, Plaintiffs have failed to state a claim against the Trustees.[3]

**CONCLUSION**

---

[3] Furthermore, even in the event Plaintiffs had stated a viable claim against the Trustees for TILA violations, the claim would be barred by the statute of limitations because it was not brought within one year after the origination of the loan on December 11, 2006.

For the aforementioned reasons, Defendant Aurora Loan Services, LLC's Motion to Dismiss Complaint [Paper No. 22] is **GRANTED**, and Defendants L. Darren Goldberg, James E. Clarke and Renee Dyson's Motion To Dismiss Complaint [Paper No. 21] is also **GRANTED**.  A separate Order follows.


Date: July 9, 2009                                          /s/
                                                ROGER W. TITUS
                                                UNITED STATES DISTRICT JUDGE